**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Skender Sehou | ) |
| | ) |
| Plaintiff | ) Case No.  9:22cv80675 |
| | ) |
| vs. | ) |
| | ) |
| Mayfair House Association, Inc. | ) |
| | ) |
| Defendant | ) |
| | ) |

# COMPLAINT

Skender Sehou ("Plaintiff") who by and through the undersigned counsel files this Complaint against Mayfair House Association, Inc. ("Defendant" and or "Condominium Corporation") and alleges as follows:

1. This is an action at law and in equity against Defendant to address deprivation of rights, privileges and immunities secured by the Federal Fair Housing Act, 42 U.S.C. §3604, §3613, and the Florida Fair Housing Act, Chapter 760.23 *et seq.*, Florida Statutes, and for unlawful denial of reasonable accommodations to Plaintiff, a disabled individual.

## JURISDICTION AND VENUE

2. This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. §3613(a) and 28 U.S.C. §1331, §1343(a), and §§2201-2202. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to address violation of Plaintiff's rights under state law, which arise under the same nucleus of operative facts and circumstances as Plaintiff's federal cause of action.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, as Defendant is a Condominium Corporation located in this District, and all acts and transgressions giving rise to the cause of action herein occurred in this District.

## PARTIES

4. At all times material hereto, Plaintiff, SKENDER SEHOU, was and is a resident of Palm Beach County, Florida, over the age of 18 years, *sui juris*, and an individual with significant functional impairments and conditions which substantially limit one or more major life activities. As set forth more fully below and which were provided to the Defendant Condominium Corporation in furtherance of requests for reasonable accommodation. Mr. Sehou is an individual suffering from Bi-Polar disorder, myopathy, AFIB, two heart surgeries, and vertigo.

5. At all times material hereto, Defendant, MAYFAIR HOUSE ASSOCIATION, INC., was and is a Florida not-for-profit corporation with a legal address of 3589 S. OCEAN BLVD. SOUTH PALM BEACH, FL 33480.

## FACTS

6. Plaintiff is disabled individual with Bi-Polar disorder, myopathy, AFIB, two heart surgeries, and vertigo. As a result of his conditions, he has been prescribed by his doctor Medical Marijuana to treat his disability.

7. Plaintiff has a "disability" as that term is defined under the Americans with Disabilities Act, and the Fair Housing Act and the Rehabilitation Act of 1973.

8. Plaintiff resides at 3584 S OCEAN DRIVE apartment 405, PALM BEACH., FL 33480. which is governed by the Defendant Condominium Corporation.

9. Plaintiff is a unit owner and member of the Condominium Corporation.

10. The Condominium Corporation maintains a building, including residential housing units, and the surrounding land and common areas. The Condominium Corporation passed a regulation against smoking including prescribed medical marijuana on the Condominiums Property which includes Plaintiffs personal housing unit, and balcony, which it seeks to enforce against the Plaintiff.

11. Plaintiff sought a reasonable accommodation

12. The designated smoking area is located on the edge of the association property, along the retaining wall, and would require an individual with Bi-Polar, AFIB, and vertigo to walk over 100 yards with sinkholes as obstacles to a potentially fatal drop, exposed to all the elements including cold or inclement weather, storms, and excessive heat, for the purpose of using his prescribed medications. Designating said area as a "reasonable accommodation" is so unreasonable as to a disabled individual suffering from Bi-Polar disorder, myopathy, AFIB, two heart surgeries, and vertigo that it shows an active discrimination and retaliation against the Plaintiff in further violation of the ADA and Fair Housing act.

13. Plaintiff made a good faith effort to use the Defendant's "reasonable accommodations" and tripped into a sinkhole and suffered a bruised hand and contusion to the right eye on or about March 8, 2021.

14. Plaintiff made a good faith effort to use the Defendant's "reasonable accommodations" and was threatened with an arrest if he ever uses it again by the Palm Beach County Sheriff's department as the area of alleged reasonable accommodation is considered a public space.

15. According to F.S. 381.986(1)(j)(5)(b) the smoking of licensed and necessary medical marijuana is prohibited in public spaces. As such the alleged reasonable accommodation of

an unsafe exterior smoking area requires Plaintiff to commit a criminal act, and face potential arrest which Plaintiff feels is by definition UNREASOANBLE.

16. Plaintiff complained to the association about the quality of accommodations, and begged for a more reasonable accommodation, and instead of making a reasonable accommodation, or even addressing his concerns, the association retaliated against Plaintiff by filing an arbitration complaint including many false and exaggerated statements.

## COUNT I:
## VIOLATION OF THE FEDERAL HOUSING ACT

17. The allegations of paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

18. This is an action for injunctive relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §3613, which provides for a civil action to remedy discrimination against disabled persons as provide by 42 U.S.C. §3604 (Section 804 of the Fair Housing Act).

19. Pursuant to 46 U.S.C. §3613, if the Court finds that a discriminatory housing practice has occurred or is about to occur, the Court may award Plaintiff actual and punitive damages, as well as injunctive relief.

20. The Plaintiff is an "aggrieved person" as that term is defined pursuant to 42 U.S.C. § 3602.

21. The Defendant Condominium Corporation committed a "discriminatory housing practice", as that term is defined pursuant to 42 U.S.C. § 3602 (Section 804(f)(3)(b) of the Fair Housing Act) by and through the Condominium Corporation's refusal to make reasonable accommodations to the Plaintiff's request and by making a patently facetious, unreasonable, and retaliatory accommodation offer to Plaintiff.

22. Plaintiff seeks a permanent injunction against Defendant enforcing its no smoking policy against Plaintiff and ordering a true "reasonable Accommodation".

23. According to the Joint Statement of the Department of Housing and Urban Development and the Department of Justice, in evaluating a reasonable accommodation request pursuant to the Fair Housing Act, where a disability is not readily apparent a Condominium Corporation may only request:

> Information that is: (i) necessary to verity that the person meets the act's definition of a disability (i.e. has a physical and mental impairment that substantially limits one or more major life activities); (ii) describes the needed accommodation; (iii) shows the relationship between the person's disability and the need for the requested accommodation.

24. In this case, Plaintiff provided properly proof to the Defendant that he is a disabled individual and the necessary treatment is medical marijuana.

25. The Condominium Corporation failed to take any action to accommodate the Plaintiff's request for a reasonable accommodation and continued to insist that the offered accommodation of the unsecured and unsheltered outdoor space which has already caused physical injury to the Plaintiff was safe.

26. The Defendant's conduct is described hereinabove is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiff's civil rights and health, causing Plaintiff severe emotional and psychological stress and distress, warranting an award of damages.

27. Plaintiff has retained the undersigned counsel to bring this action and is entitled to recover all of his reasonable attorney's fees and costs from the Defendant, pursuant to 42 U.S.C. §3613(c)(2).

WHEREFORE, Plaintiff, demands judgment against the Defendant:

(i) awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

a. Exempting Plaintiff from the no-smoking policy as to medically prescribed substances.

b. Requiring Defendant to provide a reasonable accommodation in light of Plaintiff disability.

c. Prohibiting Defendant, or any person or agent acting on orders or at the behest of Defendant, from harassing Plaintiff when using prescribed medical marijuana.

d. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiff including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any Condominium unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the Defendant community;

e. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Condominium Corporation, and to further advise all residents within the condominium property of his/her/their rights and obligations under the Fair Housing Act;

f. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

 g. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

 h. awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C. §3613(c)(2); Fla. Stat. §760.35(2);* and

 i. entering all other relief as is deemed just and equitable under the circumstances presented.

## COUNT II:
## VIOLATION OF THE FLORIDA FAIR HOUSING ACT

28. The allegations of paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

29. This is an action for injunctive relief and damages pursuant to the Florida Fair Housing Act, which provides for a civil action to remedy housing discrimination against disabled persons.

30. Pursuant to Chapter 760.35(2), Florida Statutes, if this Court finds that a discriminatory housing practice has occurred, the Court may award to the Plaintiff actual and punitive damages, as well as injunctive relief.

31. Defendant's conduct as set forth hereinabove constitutes a discriminatory housing practice and a violation of the Florida Fair Housing Act.

32. Plaintiff seeks a permanent injunction against Defendant requiring Defendant to make such accommodations as are necessary to provide full and equal access to Plaintiff to his unit including use of Medical Marijuana within Plaintiffs Unit, and/or on the unit Balcony.

33. The Defendant's conduct as described more fully above is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiff's civil rights and health, causing Plaintiff to suffer from severe emotional and psychological stress and distress, and warranting an award of compensatory and punitive damages.

34. Plaintiff has retained the undersigned counsel to bring this action and is entitled to recover his reasonable attorney's fees and costs pursuant to Chapter 760.352, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against the Defendant:

(i) awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

    a. Exempting Plaintiff from the no-smoking policy as to medically prescribed substances.

    b. Requiring Defendant to provide a reasonable accommodation in light of Plaintiffs protected disabilities.

    c. Prohibiting Defendant, or any person or agent acting on orders or at the behest of Defendant, from harassing Plaintiff when using prescribed medical marijuana.

    d. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiff including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any Condominium unit or homeowner, except as a special

    assessment distributed equally amongst all unit owners within the Defendant community.

e. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Condominium Corporation, and to further advise all residents within the property of his/her/their rights and obligations under the Fair Housing Act;

f. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

g. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

h. awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C.§3613(c)(2); Fla. Stat. §760.35(2);* and

i. entering all other relief as is deemed just and equitable under the circumstances presented.

## COUNT III:
## PREMISE LIABILITY

35. The allegations of paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

36. Defendant is the condo association entrusted with the care of the premises.

37. Defendant Condo association had a duty to maintain the premises in a safe manner, for both the public and members of the association.

38. Plaintiff is a member of the association, and a disabled individual.

39. Defendant breached its duty of care by failing to properly maintain the property.  Defendant actual designated its reasonable accommodation medical marijuana smoking area in an improperly maintained an unsafe area, and forced disabled people like the Plaintiff to travel across the unsafe area.

40. Defendant not only new about the unsafe and unpleasant conditions, defendant actually placed the smoking area their because of the unpleasant conditions due to political bias against smokers and medical marijuana smokers.

41. Defendant instructed Plaintiff that he had to use the designated smoking area in order to take his medical marijuana for his disability.

42. Plaintiff had to travel over 100 yards across Defendant's property in order to get to the designated smoking area.

43. The property area was not properly maintained and contained hazards.

44.  One of these hazards was a sinkhole along the path to get to the designated smoking area.

45. Defendant knew about this sinkhole which had long existed, along with other uneven and unsafe surfaces, because it was along the designated path for which they told a disabled individual, the Plaintiff, to travel along to get to what they deemed as a reasonable accommodation.

46. On March 8, 2021, the Plaintiff made the journey to Defendant's designated smoking area and fell into a sinkhole causing injuries to his hand and right eye.

47. Plaintiff complained to Defendant, and Defendant failed to change the reasonable accommodation

48. Defendant has suffered damages, including pain, suffering, mental anguish, lost time, and medical expenses.

49. Defendant failed to warn the Plaintiff, whom they knew was disabled, about the hazardous sink hole or address the matter at all.

Wherefore, Plaintiff demands damages in an amount to be determined at trial, costs and expenses, and such other and further relief as the court finds just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 29th day of April, 2022.          Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561) 455-0281
Email:        ntygar@me.com